UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TOMMY THOMAS,

    *Plaintiff*,

v.

PAINTERS AND ALLIED TRADES
DISTRICT COUNCIL 22,
AFL CIO,

    *Defendants*.
_____/

CASE NO. 10-CV-11224

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTION TO DISMISS**
(Doc. 10)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' motion to dismiss be **GRANTED** and that the case be **DISMISSED**.

**II.    REPORT**

    **A.    Introduction & Procedural History**

Plaintiff Tommy Thomas was employed by Defendants as a business agent/business representative from June 2003 until May 2009. The position is an elected office within the Defendant Union. (Doc. 1 ¶ 7.) Plaintiff complains that as a result of a decision by the Union to bar him from ever again seeking any elected Union office, (1) the Labor Management Reporting and Disclosure Act was violated (Count I); (2) the Defendant Union's constitution was violated (Count II); (3) the Union bylaws were violated (Count III); (4) he was wrongfully terminated from his position with the union (Count IV); and (5) that Defendants were negligent (Count V). (Doc.

1.) On July 26, 2010, Defendants filed the instant motion to dismiss based on Plaintiff's alleged failure to exhaust union remedies. (Doc. 10.) On August 5, 2010, United States District Judge Thomas L. Ludington referred the motion to the undersigned magistrate judge. (Doc. 12.) Plaintiff responded to the motion (Doc. 15) and Defendants replied. (Doc. 17.) Oral argument was held on September 7, 2010. After considering the arguments of the parties and upon review of the documents, I conclude that, pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation.

**B.     Background Facts**

The facts are largely undisputed. For three or four years prior to 2009, Plaintiff had been in possession of tools that he was given and did not purchase from the Ames company. The Ames company sells and supplies tools to painters and other persons in the construction industry and is not related to the parties. Plaintiff was holding his elected position of union business agent/business representative during this time. Plaintiff's possession of these tools was arguably wrongful under the Constitution of the International Union of Painters and Allied Trades (hereafter "Constitution") because Plaintiff had not paid for the tools.

In January 2009, Plaintiff announced to Thomas McVicar that he intended to run against him for the position of business manager/secretary-treasurer (hereafter "business manager"), which McVicar currently held. (Doc. 1 ¶ 10.) In March 2009, McVicar informed Plaintiff that his possession of the tools was improper and McVicar asked Plaintiff to return the tools, resign and sign an affidavit that he would not seek any office with the Union at any time in the future; in return, the Union promised it would not bring any charges against Plaintiff. (Doc. 1 ¶ 12.) Plaintiff returned the tools the next day, but was suspended with pay in April 2009. (Doc. 1 ¶¶ 13-17.) Around May 9, 2009, Plaintiff announced that he wanted to run and was nominated to run

2

for the position of business manager, which at that time was still held by McVicar. Around that time, Plaintiff was given a letter listing the charges pending against him relating to possession of the tools, i.e., conduct unbecoming to a member or officer of the union and utilization of an officer's position that is contrary to good morals and sound trade union principles. (Doc. 1 ¶¶ 18-20.) Plaintiff was given a trial on May 20, 2009, by the Union's District Council 22 Executive Board (hereafter "Local Executive Board"), which included McVicar, and Plaintiff was found guilty of violating the Constitution and was terminated with the condition that he was forever barred from seeking election in the union. (Doc. 1 ¶¶ 21-25.)

On May 28, 2009, Plaintiff filed an appeal to the General Executive Board, which was comprised of seven individuals, none of whom had been involved in the Local Executive Board's decision. (Doc. 1 ¶ 26.) On June 10, 2009, the General Executive Board affirmed the finding that Plaintiff had violated the Constitution by possessing the tools and affirmed his termination, but reversed the Local Executive Board's bar against Plaintiff ever running for office in the future. (Doc. 1 ¶ 26.) On June 27, 2009, Plaintiff ran for the office of business manager but was not elected to that position. Plaintiff did not appeal the General Executive Board's decision to the Union's General Convention.

In his complaint, Plaintiff contends that he was unable to secure employment with any other local unions as a result of intra-union communication and intimidation tactics. (Doc. 1 ¶ 27.)

### C. Motion Standards

In facing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand*

*C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570 (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

The Supreme Court recently explained that the "tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, ___U.S.___, 129 S. Ct. 1937, 1949 (2009) (finding assertions that one defendant was the "principal architect" and another defendant was "instrumental" in adopting and executing a policy of invidious discrimination insufficient to survive a motion to dismiss because they were "conclusory" and thus not entitled to the presumption of truth). Although Rule 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Thus, "a court considering a motion to dismiss can choose to begin by identifying

pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. . . . When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

### D. Parties' Arguments

The parties' positions were further clarified at oral argument. Defendant contends that its Constitution required Plaintiff to exhaust all appellate procedures available before bringing any action in this Court. Although Plaintiff appealed the Local Executive Board decision to the general board, Plaintiff did not further appeal to the General Convention within thirty (30) days as required by the Union's Constitution. Plaintiff does not contest the fact that he did not appeal to the General Convention, but asserts that he is relieved from the duty to exhaust because any appeal would have been futile since the decisionmakers (at the local and general board levels) were biased against him and the record of proceedings below was tainted.

### E. Analysis & Conclusions

Section 309 of the Constitution of the International Union of Painters and Allied Trades states that members "who may have controversies relating to Union affairs, or against whom charges have been preferred, or against whom disciplinary or adverse action has been taken, shall be obliged to exhaust all remedies provided for in this Constitution . . . before resorting to any other court or tribunal." (Doc. 10, Ex. 2 at 194.) The appellate process described in the facts section of this report is set forth in Sections 307 and 308 of the Constitution. (*Id.*)

"[T]he exhaustion requirement is subject to a number of exceptions [where] doctrinaire application of the exhaustion rule would defeat the overall purposes of federal labor relations policy." *Glover v. St. Louis-San Francisco Railway*, 393 U.S. 324, 329-30, 89 S. Ct. 548, 21 L. Ed. 2d 519 (1969). One such exception occurs "where the effort to proceed formally with

contractual or administrative remedies would be wholly futile." *Id.* at 330. Plaintiff must make a "clear and positive showing of futility before excusing a failure to exhaust . . . ." *Miller v. Chrysler Corp.*, 748 F.2d 323, 326 (6th Cir. 1984). "That he subjectively may have thought such procedures were futile is insufficient." *Terwilliger v. Greyhound Lines, Inc.*, 882 F.3d 1033, 1039 (6th Cir. 1989). *Accord, Cotter v. Daimler Chrysler,* 87 F. Supp. 2d 746, 753 (E.D. Mich. 2000) ("Such a subjective belief was insufficient to excuse them from at least attempting to utilize the procedures.").

The three factors to be considered when determining whether to excuse a failure to exhaust internal union procedures are: (1) whether union officials are so hostile to the employee that he could not hope to obtain a fair hearing on his claim; (2) whether the internal union appeals procedures would be inadequate to award him the full relief sought; and (3) whether exhaustion of internal procedures would unreasonably delay the employee's opportunity to obtain a judicial hearing on the merits of his claim. *Clayton v. International Union, UAW*, 451 U.S. 679, 689, 101 S. Ct. 2088, 68 L. Ed. 2d 538 (1981).

As to the first factor, "it is not enough that an employee demonstrate hostility toward him by the local union. Instead, he must also demonstrate hostility toward him by the UAW and PRB [appeal committee and public review board]." *Knighten v. General Motors Corp., UAW Local 598,* No. 07-2559, 2009 WL 332821, at *4 (6th Cir. Feb. 12, 2009) (citing *Monroe v. International Union, UAW,* 723 F.2d 22, 25 (6th Cir. 1983). *See also Wagner v. General Dynamics*, 905 F.2d 126, 128 (6th Cir. 1990). Allegations that union representatives at the appellate level would favor their friends is "insufficient to show that the entire intra-union appeal process is biased." *DeMott v. UAW International Union,* No. 07-12648, 2007 WL 4303222, at *3 (E.D. Mich. Dec. 6, 2007). Thus, a clear and positive showing of futility cannot be shown where a plaintiff is unaware whether

members of the appellate board harbor any animosity toward him. *Knighten*, 2009 WL 332821 at * 4.

Although Plaintiff contends that the hostility at the local board and general board levels tainted the record, there are no allegations that the final appellate level, the general convention, was hostile or otherwise biased. Plaintiff is unable to make the "clear and positive showing" that any taint or bias in the record would somehow taint the general convention. Appellate tribunals, including courts, examine "tainted" records of proceedings in the lower tribunals and are able to examine and correct any actual taint by reversing the decisions of the lower tribunal and remanding for an unbiased record to be created. Therefore, absent allegations of a tainted appellate forum, a tainted record does not itself render an appeal futile.[1] Since the instant complaint lacks any allegations that the general convention was at all hostile toward Plaintiff, this factor weighs against Plaintiff's futility argument.

As to the second factor, Plaintiff argues that the internal union appeal procedure was inadequate to award him the full relief sought because, by the time a decision would have come from the General Convention, the election was over and his reputation destroyed to the extent that he could neither get elected in the future nor secure employment with other union locals.[2] I suggest that even though Plaintiff had run for, but did not get elected to the position of business manager on June 27, 2009, a successful appeal could have gained him not only back pay for wrongful discharge, but also vindication and restoration of his reputation, which could have

---

[1] Furthermore, I note that in this case the General Executive Board's decision was at least partially favorable to Plaintiff because it reversed the Local Executive Board's decision to bar Plaintiff from ever seeking election. This would also militate in favor of a finding that the appellate process was not hostile even at the intermediate level, let alone at the General Convention level. (Doc. 1 ¶ 26.)

[2] I also note that although Plaintiff's complaint alleges that Plaintiff was unable to secure employment elsewhere as a result of the union's communications to others (Doc. 1 ¶ 27,), the complaint does not contain a count for tortious interference of contract or business relationship.

7

allowed him to successfully gain employment elsewhere. Therefore, I find that this second factor also weighs against Plaintiff's futility argument.

As to the third factor, Plaintiff has not alleged or argued that exhaustion of internal procedures would have unreasonably delayed his opportunity to obtain a judicial hearing on the merits of his claim. Consequently, this factor does not weigh in favor of Plaintiff.

Since none of the factors weighs in favor of Plaintiff's argument that exhaustion would be futile, I suggest that Plaintiff has not made a clear and positive showing of futility required in order to excuse his failure to exhaust intra-union remedies.

### F. Conclusion

For all the reasons stated above, I recommend that Defendants' motion be granted and the case be dismissed in its entirety.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).

The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan*, 474 F.3d at 837; *Frontier Ins. Co.,* 454 F.3d at 596-97.

                                              s/ Charles E. Binder
                                                     CHARLES E. BINDER
Dated: October 28, 2010                             United States Magistrate Judge

### **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System.

Date: October 28, 2010                                     By    s/Patricia T. Morris
                                                                          Law Clerk to Magistrate Judge Binder