UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TOMMY THOMAS,

      Plaintiff,

                                     Case Number 10-11224-BC
v.                                      Honorable Thomas L. Ludington

PAINTERS AND ALLIED TRADES
DISTRICT COUNCIL 22 and AFL CIO,

      Defendants.
_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING JUDGE BINDER'S REPORT AND RECOMMENDATION, GRANTING DEFENDANTS' MOTION TO DISMISS, AND DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE**

United States Magistrate Judge Charles E. Binder issued a report and recommendation ("R&R") [Dkt. # 18] on October 28, 2010, recommending that the Court grant Defendants' motion to dismiss [Dkt. # 10]. Judge Binder determined that Plaintiff had not exhausted the available union remedies and that Plaintiff should not be excused from the exhaustion requirement. Judge Binder recommended dismissing each of Plaintiff's claims, for violation of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 401–531, violation of the Constitution of the International Union of Painters and Allied Trades, violation of the union bylaws, wrongful termination, and negligence.

Any party may serve and file written objections to an R&R "[w]ithin fourteen days after being served with a copy" of the report. 28 U.S.C. § 636(b)(1). Plaintiff filed objections on November 11, 2010 [Dkt. # 19] and Defendants filed a response on November 24, 2010 [Dkt. # 20]. The district court will make a "de novo determination of those portions of the report . . . to which

objection is made." *Id.* The Court is not obligated to further review the portions of the report to which no objection was made. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985). "Generally, the failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) (citation omitted). For the reasons explained below, Plaintiff's objections will be overruled, Judge Binder's R&R will be adopted, Defendants' motion to dismiss will be granted, and Plaintiffs' complaint will be dismissed with prejudice.

**I**

Plaintiff Tommy Thomas served as a "business agent" for Defendant Painters and Allied Trades District Council 22 from June 2003 to May 2009. The District Council is a division of Defendant AFL CIO. A "business agent" is an elected position with a four-year term.

In January 2009, Plaintiff told the District Council's highest officer, business manager Thomas McVicar, that Plaintiff intended to challenge McVicar for the business manager position at the next election in June 2009. In March 2009, McVicar learned that Plaintiff had possession of tools that were given to him by Ames Tools. Plaintiff's possession and use of the tools was apparently a violation of the union's international constitution because he did not pay for the tools. After McVicar directed Plaintiff to return the tools, Plaintiff returned them to Ames the following day. Plaintiff was charged with violating the union constitution, and went on trial before the Local Executive Board, which included McVicar, on May 20, 2009. Plaintiff contends that McVicar's participation in the trial also violated the union constitution. The Local Executive Board found Plaintiff guilty of violating the constitution, ended his employment as business manager, and barred him from seeking election to union office at any time in the future.

Plaintiff appealed the decision to the General Executive Board on May 28, 2009. On June

10, 2009, the General Executive Board upheld Plaintiff's termination from the business agent position, but permitted Plaintiff to run for union office at future elections. Plaintiff did not appeal the decision to the General Convention, the final internal appellate body.

On June 27, 2009, Plaintiff ran for business manager of the District Council but he lost. Plaintiff chose not to run for business agent because he could only run for one position. Plaintiff's former position as business agent was filled by a newly elected official. On March 26, 2010, Plaintiff filed this case, contending that the decision to terminate his employment as business agent was unlawful. On July 26, 2010, Defendants filed a motion for judgment on the pleadings, contending that Plaintiff did not exhaust the available union remedies because he did not appeal his termination to the General Convention. The motion was referred to Judge Binder, who recommended granting the motion and dismissing Plaintiff's complaint. Plaintiff filed two objections to Judge Binder's R&R.

**II**

Plaintiff first objects that the exhaustion requirement should be excused because further appeal would not have provided "full relief" for Plaintiff's grievance and would have resulted in a significant delay. *LaPerriere v. Int'l Union, United Auto., Aerospace, & Agric. Implement Workers*, 348 F.3d 127, 131 (6th Cir. 2003). Plaintiff objects to Judge Binder's conclusion that Plaintiff could have obtained full relief from the union because a "successful appeal could have gained him not only back pay for wrongful discharge, but also vindication and restoration of his reputation, which could have allowed him to successfully gain employment elsewhere." There was no error in Judge Binder's analysis.

First, Plaintiff's position as business agent was an elected position. Even if the Court were

to determine that he was wrongfully discharged from that position, Plaintiff would only be entitled to back pay through the end of the elected term in June 2009.  At that juncture, Plaintiff chose not to run for the position of business agent and ran for the position of business manager instead.  The back pay remedy could just have easily been awarded by the union as by the Court.  *See Shales v. Gen. Chauffeurs, Salesdrivers, & HelpersLocal Union No. 330*, No. 00 C 575, 2003 WL 22038596 (N.D. Ill. Aug. 28, 2003) (considering a similar factual situation and reach the same conclusion).

Moreover, Plaintiff's only request for relief involves monetary damages.  He does not seek equitable relief or even reinstatement.  The internal union proceedings "were plainly adequate" to award full relief to Plaintiff.  *Washington v. Ford Motor Co.*, 35 F. App'x 160, 163 (6th Cir. 2002).

In his second objection, Plaintiff contends that Defendants should be estopped from raising an exhaustion defense because Defendants "repudiated" the terms of the of the union constitution.  In *Vaca v. Sipes*, 386 U.S. 171 (1967), a union employee sued for wrongful discharge in state court after his employment was terminated and his union refused to pursue arbitration on his behalf, as the collective bargaining agreement required.  The Supreme Court held that the employer and the union could not raise an exhaustion defense where the employer had repudiated the collective bargaining agreement and the union had refused to pursue the arbitration proceedings.  *Id.* at 184–85; *see also Meredith v. Louisiana Fed'n of Teachers*, 209 F.3d 398, 402–03 (5th Cir. 2000) (reaching a similar conclusion).

Plaintiff has not, however, advanced any support for his suggestion that a problem with the procedure employed by the lower level tribunal excuses the requirement that he appeal that tribunal's decision.  Even if McVicar should not have participated in the initial trial, it does not excuse the requirement that Plaintiff appeal that decision through two additional levels provided by

Defendants before seeking relief in federal court. Indeed, Plaintiff did pursue his appeal through the next level and he was partially victorious, achieving a favorable decision that allowed him to seek McVicar's position in the next election. If the union-provided appeal panels believed that McVicar's participation in the first proceeding was contrary to the union constitution, they could have remanded for a new trial without McVicar's presence.

Notably, Plaintiff did not object to the remainder of Judge Binder's conclusions, including Plaintiff's concerns about the appropriate standard of review and Plaintiff's contention that union hostility made exhaustion futile. [Dkt. # 15]. Plaintiff also did not challenge Judge Binder's conclusion that the exhaustion requirement applies to all the claims in Plaintiff's complaint. *See Cowherd*, 380 F.3d at 912.

### III

Accordingly, it is **ORDERED** that Plaintiff's objections [Dkt. # 19] to Judge Binder's report and recommendation are **OVERRULED**.

It is further **ORDERED** that Judge Binder's report and recommendation [Dkt. # 18] is **ADOPTED**.

It is further **ORDERED** that Defendants' motion to dismiss and for summary judgment [Dkt. # 10] is **GRANTED**.

It is further **ORDERED** that Plaintiff's complaint [Dkt. # 1] is **DISMISSED WITH PREJUDICE**.

                                                      s/Thomas L. Ludington
                                                      THOMAS L. LUDINGTON
                                                      United States District Judge

Dated: January 26, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 26, 2011.

                                          s/Tracy A. Jacobs
                                          TRACY A. JACOBS